IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | )<br>)<br>) | |
| Plaintiff, | )<br>) | CIVIL ACTION NO.: 5:22-cv-00237 |
| v. | )<br>)<br>) | **COMPLAINT** |
| NSN, LLC | )<br>) | JURY TRIAL DEMAND |
| Defendant. | )<br>)<br>)<br>) | |

## NATURE OF THE ACTION

This action is filed pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Wanda Ferguson ("Ms. Ferguson"), who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, NSN, LLC ("Defendant") failed to accommodate Ms. Ferguson because of a disability. The Commission further alleges that Defendant retaliated against Ms. Ferguson for opposing unlawful conduct when it disciplined her, reduced the number of hours she was scheduled to work, and discharged her. Alternatively, the Commission alleges that Defendant discharged Ms. Ferguson on the basis of a disability in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(l) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

5. Defendant is a limited liability company, incorporated under the laws of the State of Virginia. Defendant's operations include providing staffing services to various licensure and academic testing centers.

6. At all relevant times, Defendant, registered and doing business in the State of North Carolina, provided staffing services for a testing center located in Raleigh, North Carolina ("Raleigh Center").

7. At all relevant times, Defendant has continuously done business in the State of North Carolina and in Wake County, North Carolina and has continuously maintained at least fifteen (15) employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7) which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

10. More than thirty (30) days prior to the institution of this lawsuit, Ms. Ferguson filed a charge with the Commission alleging violations of the ADA by Defendant. Defendant responded to Ms. Ferguson's charge and participated in all aspects of the Commission's administrative investigation.

11. By letter dated December 13, 2021, the Commission notified Defendant of the determination that the Commission had reasonable cause to believe that Defendant violated the ADA. The Commission invited Defendant to engage in the conciliation process to attempt to reach an agreement that would end the unlawful employment practices and provide Ms. Ferguson with appropriate relief.

12. The Parties engaged in conciliation but were unable to reach an agreement acceptable to the Commission.

13. By letter dated January 24, 2022, the Commission notified Defendant that conciliation had failed.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### COUNT I:
### *Failure to Accommodate in Violation of the ADA*

15. From around October 2019 until around January 9, 2020, Defendant engaged in

unlawful employment practices at its Raleigh Center in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12113 by failing to provide certain reasonable accommodations to Ms. Ferguson for her disability.

16. The operations at the Raleigh Center consisted of two testing laboratories that provide services through two consecutive shifts. Each shift is generally staffed with three Testing Center Administrators (TCAs) - one TCA is responsible for checking test takers in and out at the front desk and two TCAs proctor the examinations being given in the two testing laboratories.

17. On or about June 29, 2016, Ms. Ferguson began working for Defendant as a part-time TCA at the Raleigh Center in one of the two testing laboratories.

18. The TCAs were responsible for logging on and/or off the testing computers in the laboratory, verifying the identities of and checking test takers in and out, and visually monitoring test takers while they were actively taking the tests. At the end of the shift, the TCAs were also responsible for running computer generated reports, preparing written reports as necessary to document any abnormalities or technical issues, shutting down all testing computers, and cleaning testing stations.

19. Ms. Ferguson is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Since 2004, Ms. Ferguson has had meningioma tumors, a condition which results from abnormal cell growth. Ms. Ferguson's condition caused nerve damage and severe muscle loss on her left side, and causes her to have chronic muscle spasms, loss of balance, insomnia, and fatigue. Ms. Ferguson has undergone numerous surgical procedures and radiation therapy related to the tumors and is required to take daily medication to control the effects of the tumors.

20. At all relevant times, Ms. Ferguson was qualified to perform the essential functions

of her job with or without reasonable accommodation.

21. At all relevant times, Ms. Ferguson performed her job in a manner that met Defendant's legitimate job performance expectations.

22. Around June 29, 2016 when Ms. Ferguson was hired, Ms. Ferguson notified her immediate supervisor ("Supervisor 1") about her disability and asked for three schedule-related accommodations.

23. Defendant granted Ms. Ferguson's accommodation requests.

24. In addition, in or around August 2016, Ms. Ferguson requested an accommodation of being the first TCA to leave each shift due to fatigue she experienced as a result of her disability.

25. Supervisor 1 granted her accommodation request.

26. Between August 2016 and October 22, 2019, Ms. Ferguson was permitted to be the first TCA to leave each shift. If the other testing laboratory closed before Ms. Ferguson's testing laboratory, the other TCA relieved Ms. Ferguson so that Ms. Ferguson could leave first.

27. In or around September 2016, Ms. Ferguson also requested a disability-related accommodation of assistance in performing her end of shift duties due to fatigue she experienced as a result of her disability.

28. Supervisor 1 granted her request.

29. Between September 2016 and October 22, 2019, the front desk TCA assisted Ms. Ferguson with her end of shift duties.

30. Around October 2019, Supervisor 1 was replaced by Supervisor 2.

31. Supervisor 2 had previously worked with Ms. Ferguson and was aware of her disability and related accommodations including the need for assistance at the end of her shift and the ability to be the first TCA to leave the shift.

32. On or about October 22, 2019, Supervisor 2 rescinded Ms. Ferguson's accommodations for assistance with her end of shift duties and her ability to be the first TA to leave the shift.

33. Ms. Ferguson requested that the accommodations be reinstated.

34. The accommodations were not reinstated.

35. Ms. Ferguson requested a meeting to discuss her need for accommodations.

36. Supervisor 2 did not make any attempts to meet privately with Ms. Ferguson to discuss her need for accommodations.

37. Ms. Ferguson is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

38. Defendant failed to engage in the interactive process.

39. The disability-related accommodations requested by Ms. Ferguson that had previously been in place since 2016 were reasonable and would not have imposed an undue hardship on Defendant.

40. Defendant refused to provide Ms. Ferguson, a qualified individual with a disability, with the reasonable accommodations for the end of her shift in violation of the ADA.

41. The practices complained of above have deprived Ms. Ferguson of equal employment opportunities and have otherwise adversely affect her status as an employee, because of her disability.

42. The practices complained of above were intentional.

43. The practices complained of above were conducted with malice or with reckless indifference to the federally protected rights of Ms. Ferguson.

## COUNT II:
### *Retaliation in Violation of the ADA*

44. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 16 through 43 above.

45. Beginning as early as October 31, 2019, Defendant engaged in unlawful employment practices in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a) by retaliating against Ms. Ferguson for engaging in protected conduct.

46. On or about October 22, 2019, Ms. Ferguson engaged in statutorily protected conduct when she asked Supervisor 2 why she had removed reasonable accommodations which had been in place for over three years, and told Supervisor 2 that her actions constituted harassment and that she would contact the EEOC.

47. On or about October 31, 2019, Supervisor 2 issued a disciplinary notice to Ms. Ferguson.

48. On or about October 31, 2019, Supervisor 2 cut Ms. Ferguson's hours from 20 hours per week to 5 hours per week.

49. The adverse actions of issuing a disciplinary notice and cutting Ms. Ferguson's hours were in retaliation for Ms. Ferguson engaging in protected conduct on October 22, 2019.

50. Ms. Ferguson again engaged in protected activity on January 3, 2020 by emailing Supervisor 2 to notify her that her actions constituted "discrimination and harassment" and that she was planning to speak with someone at the EEOC.

51. On January 9, 2020, approximately six days after Ms. Ferguson engaged in protected activity for the second time, Defendant terminated her employment.

52. The adverse action of terminating Ms. Ferguson's employment was in retaliation for Ms. Ferguson engaging in protected activity.

53. The practices complained of above have deprived Ms. Ferguson of equal employment opportunities and have otherwise adversely affected her status as an employee because of her engagement in protected activity.

54. The practices complained of above were intentional.

55. The practices complained of above were conducted with malice or with reckless indifference to the federally protected rights of Ms. Ferguson.

56. As a direct and proximate result of Defendant's violation of the ADA, Ms. Ferguson suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## COUNT III:
### Disability Discrimination in Violation of the ADA
### (Alternative to Retaliation)

57. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 16 through 56 above.

58. Defendant has engaged in unlawful employment practices at the Raleigh Center in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112 by terminating Ms. Ferguson's employment because of disability.

59. Ms. Ferguson was on approved medical leave from on or about November 9, 2019 through January 11, 2020.

60. Ms. Ferguson regularly communicated with Supervisor 2 during her medical leave.

61. On or about December 26, 2019, Ms. Ferguson emailed Supervisor 2 that she should be able to return to work on January 11, 2020.

62. Supervisor 2 responded that the schedule had been set through January 25, 2020.

63. On or about January 3, 2020, after Ms. Ferguson questioned whether Defendant

intended to bring Ms. Ferguson back to work, Supervisor 2 responded that Ms. Ferguson was still employed by Defendant but that before Ms. Ferguson could return, she was required to meet with management.

64. Six days later, on or around January 9, 2020, Defendant terminated Ms. Ferguson's employment.

65. The adverse actions of refusing to allow Ms. Ferguson to return to work following her medical leave and terminating her employment were taken against Ms. Ferguson because of disability in violation of the ADA.

66. The practices complained of above have deprived Ms. Ferguson of equal employment opportunities and have otherwise adversely affected her status as an employee because of her disability.

67. The practices complained of above were intentional.

68. The practices complained of above were conducted with malice or with reckless indifference to the federally protected rights of Ms. Ferguson.

69. As a direct and proximate result of Defendant's unlawful conduct, Ms. Ferguson suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, failing to provide reasonable accommodation to qualified individuals with disabilities and

any other employment practice which discriminates on the basis of disability in violation of the ADA, 42 U.S.C. § § 12113 and for opposing such unlawful employment practices.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of past and present unlawful employment practices.

  C. Order Defendant to make Wanda Ferguson whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay.

  D. Order Defendant to make Wanda Ferguson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

  E. Order Defendant to make Wanda Ferguson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendants to pay to Wanda Ferguson punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 14th day of June 2022.

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        GWENDOLYN YOUNG REAMS
        Acting General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, NE
        Washington, D.C. 20507

        CHRISTOPHER LAGE
        Deputy General Counsel

        MELINDA C. DUGAS
        Regional Attorney

        ZOË G. MAHOOD
        Acting Supervisory Trial Attorney

        `/s/` **Suzanne L. Nyfeler**
        SUZANNE L. NYFELER
        Virginia State Bar No. 40450
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        400 N. 8th Street, Suite 350
        Richmond, VA 23219
        Tel: (804) 362-6918
        Email: Suzanne.Nyfeler@eeoc.gov

        `/s/` **Samuel Harrington Williams**
        SAMUEL HARRINGTON WILLIAMS
        N.C. State Bar No. 49622
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Raleigh Area Office
        434 Fayetteville Street, Suite 700
        Raleigh, N.C. 27601
        Tel: (984) 275-4820
        Email: Samuel.Williams@eeoc.gov

        ATTORNEYS FOR PLAINTIFF