IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:22-cv-237

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| NSN, LLC, | ) |
| Defendant. | ) |

## ANSWER OF NSN, LLC

Defendant NSN, LLC ("NSN" or "Defendant") hereby responds to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Defendant responds to the allegations of the Complaint with like-numbered paragraphs as follows:

As to the first, unnumbered paragraph, entitled "Nature of the Action" Defendant admits that the EEOC purports to bring a lawsuit against Defendant on the basis of the statutory provisions set forth therein. To the extent that the allegations of the first, unnumbered paragraph state legal conclusions, no response is necessary and the same are therefore denied. Defendant denies that it

engaged in any unlawful conduct with respect to Wanda Ferguson or that it violated any of the statutory provisions set forth therein. Except as specifically admitted herein, the allegations of the first, unnumbered paragraph are denied.

1. In response to the allegations of Paragraph 1, Defendant admits that jurisdiction in this Court is proper. To the extent the allegations of Paragraph 1 state legal conclusions, no response is necessary and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 1 are denied.

2. In response to the allegations of Paragraph 2, Defendant admits that this action purports to assert claims under the statutory provision the statutory provisions set forth therein. To the extent that the allegations of Paragraph 2 state legal conclusions, no response is necessary and the same are therefore denied. Defendant denies that it engaged in any unlawful conduct with respect to Wanda Ferguson or that it violated any of the statutory provisions set forth therein. Except as specifically admitted herein, the allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 are denied.

4. The allegations of Paragraph 4 are admitted.

5. The allegations of Paragraph 5 are admitted.

6. In response to the allegations of Paragraph 6, it is admitted that Defendant has conducted business in North Carolina and that it provided staffing services for a testing center in Raleigh, North Carolina. Except as specifically admitted herein, the allegations of Paragraph 6 are denied.

7. In response to the allegations of Paragraph 7, it is admitted that Defendant has conducted business in North Carolina and in Wake County, North Carolina, and that it had at least

15 employees during Plaintiff's charging party Wanda Ferguson's employment. Except as specifically admitted herein, the allegations of Paragraph 7 are denied.

8. The allegations of Paragraph 8 state legal conclusions, to which no response is necessary and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 8 are denied.

9. The allegations of Paragraph 9 state legal conclusions, to which no response is necessary and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 are admitted.

11. The allegations of Paragraph 11 are admitted.

12. The allegations of Paragraph 12 are admitted.

13. The allegations of Paragraph 13 are admitted.

14. The allegations of Paragraph 14 state legal conclusions, to which no response is necessary and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are denied.

16. In response to the allegations of Paragraph 16, it is admitted that there were two testing laboratories at the Raleigh Center. It is admitted further that the Raleigh Centers shifts and staffing are set forth in written schedules, the contents of which speak for themselves, and to the extent the allegations of Paragraph 16 conflict with these schedules, the same are denied. Except as specifically admitted herein, the allegations of Paragraph 16 are denied.

17. In response to the allegations of Paragraph 17, it is admitted that on or about June 29, 2016, Defendant became Ms. Ferguson's employer which it acquired the company for whom

Ms. Ferguson had previously worked. It is admitted that Ms. Ferguson was assigned to work in Defendant's Raleigh Center as a TCA. Except as specifically admitted herein, the allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are admitted.

19. To the extent the allegations of Paragraph 19 state legal conclusions, no response is necessary and the same are therefore denied. Defendant lacks sufficient information regarding the truth or falsity of the remaining allegations and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 state legal conclusions to which no response is necessary and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. In response to the allegations of Paragraph 23, it is admitted that Defendant allowed Ms. Ferguson to work a part-time schedule at her request so as to not conflict with income limitations arising from her receipt of Social Security benefits. Except as specifically admitted herein, the allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are denied.

26. In response to the allegations of Paragraph 26, it is admitted that Defendant allowed Ms. Ferguson to work a part-time schedule at her request so as to not conflict with income limitations arising from her receipt of Social Security benefits. Except as specifically admitted herein, the allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations of Paragraph 29 and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 29 are denied.

30. In response to the allegations of Paragraph 30, it is admitted that on or about October 2019, Jahayana Harrison became the new Test Center Manager for the Defendant's Raleigh Center and one other location. Except as specifically admitted herein, the allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

32. The allegations of Paragraph 32 are denied.

33. In response to the allegations of Paragraph 33, it is admitted that, on or about October 30, 2019, Ms. Harrison scheduled a meeting with Ms. Ferguson and two other managers, but Ms. Ferguson refused to attend the meeting. To the extent that Paragraph 33 asserts legal conclusions, no response is necessary and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 33 are denied.

34. In response to the allegations of Paragraph 34, it is admitted that, on or about October 30, 2019, Ms. Harrison scheduled a meeting with Ms. Ferguson and two other managers, but Ms. Ferguson refused to attend the meeting. To the extent that Paragraph 34 asserts legal conclusions, no response is necessary and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 34 are denied.

35. In response to the allegations of Paragraph 35, it is admitted that, on or about October 30, 2019, Ms. Harrison scheduled a meeting with Ms. Ferguson and two other managers,

but Ms. Ferguson refused to attend the meeting. To the extent that Paragraph 35 asserts legal conclusions, no response is necessary and the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 35 are denied.

36. The allegations of Paragraph 36 are denied.

37. The allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 are denied.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are denied.

44. Defendant's responses to Paragraphs 1 through 43 above are hereby realleged and incorporated by reference as if fully set forth herein.

45. The allegations of Paragraph 45 are denied.

46. The allegations of Paragraph 46 are denied.

47. In response to the allegations of Paragraph 47, it is admitted that Ms. Harrison issued a disciplinary notice to Ms. Ferguson for employee misconduct, the contents of which speak for themselves and no further response is necessary. To the extent that the allegations of Paragraph 47 conflict with the contents of said disciplinary notice, the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 47 are denied.

48. The allegations of Paragraph 48 are denied.

49. The allegations of Paragraph 49 are denied.

50. The allegations of Paragraph 50 are denied.

51. In response to the allegations of Paragraph 51, it is admitted that Ms. Ferguson's employment was terminated on January 6, 2020. Except as specifically admitted herein, the allegations of Paragraph 51 are denied.

52. The allegations of Paragraph 52 are denied.

53. The allegations of Paragraph 53 are denied.

54. The allegations of Paragraph 54 are denied.

55. The allegations of Paragraph 55 are denied.

56. The allegations of Paragraph 56 are denied.

57. Defendant's responses to Paragraphs 1 through 56 above are hereby realleged and incorporated by reference as if fully set forth herein.

58. The allegations of Paragraph are denied.

59. The allegations of Paragraph are denied.

60. The allegations of Paragraph 60 are denied.

61. In response to the allegations of Paragraph 61, it is admitted that on or about December 26, 2019, Ms. Ferguson emailed Ms. Harrison, and the contents of that email speak for themselves such that no further response is necessary. To the extent that the allegations of Paragraph 61 conflict with the contents of said email, the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 61 are denied.

62. The allegations of Paragraph 62 are denied.

63. In response to the allegations of Paragraph 63, it is admitted that on or about January 3, 2020, Ms. Ferguson and Ms. Harrison exchanged an email regarding Ms. Ferguson's return to work, and the contents of that email speak for themselves such that no further response is necessary. To the extent that the allegations of Paragraph 63 conflict with the contents of said

7

email, the same are therefore denied. Except as specifically admitted herein, the allegations of Paragraph 63 are denied.

64. In response to the allegations of Paragraph 64, it is admitted that Ms. Ferguson's employment was terminated on January 6, 2020. Except as specifically admitted herein, the allegations of Paragraph 64 are denied.

65. The allegations of Paragraph 65 are denied.

66. The allegations of Paragraph 66 are denied.

67. The allegations of Paragraph 67 are denied.

68. The allegations of Paragraph 68 are denied.

69. The allegations of Paragraph 69 are denied.

### THIRD DEFENSE

The Plaintiff's claims are barred, in whole or in part, due to Ms. Ferguson's a failure to mitigate her damages.

### FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, due to Ms. Ferguson's failure to exhaust mandatory administrative remedies.

### FIFTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, estoppel and/or other equitable defenses.

### SIXTH DEFENSE

The Plaintiff's claims are barred to the extent that it and/or Ms. Ferguson have failed to satisfy all conditions precedent or statutory prerequisites required by applicable law.

## SEVENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, due to Ms. Ferguson's status as an employee-at-will.

## EIGHTH DEFENSE

The Plaintiff's claims under the Americans with Disabilities Act ("ADA") for retaliation are barred because Ms. Ferguson did not engage in good faith protected activity.

## NINTH DEFENSE

If Ms. Ferguson engaged in protected activity prior to her termination, which is denied, the Plaintiff's claims for ADA retaliation are nevertheless barred because Ms. Ferguson would have been terminated even in the absence of such protected activity for her own inadequate job performance and conduct.

## TENTH DEFENSE

The Plaintiff's claims are barred because Ms. Ferguson was discharged for legitimate, non-discriminatory and non-retaliatory reasons.

## ELEVENTH DEFENSE

The Defendant acted at all times in good faith, without any wrongful intent and with a reasonable belief that its conduct did not give rise to any tort or violate any public policy or law of North Carolina or the United States.

## TWELFTH DEFENSE

Plaintiff's claims under the ADA are barred because Ms. Ferguson was not a qualified individual with a disability and she was therefore not eligible for the protections of the ADA.

## THIRTEENTH DEFENSE

The Plaintiff's claims for damages may be barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations of awards, caps on recovery, and setoffs.

## FOURTEENTH DEFENSE

The Plaintiff is not entitled to some or all of the relief requested as a matter of law.

## FIFTEENTH DEFENSE

Defendant reserves its rights to amend its Answer to assert additional affirmative defenses in this action as may be revealed during discovery or upon receipt of additional information.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant prays for the following relief:

1. That the Plaintiff have and recover nothing as a result of the Complaint;

2. That the Plaintiff's Complaint be dismissed with prejudice;

3. That the costs of this action be taxed against the Plaintiff; and

4. For such other and further relief as the Court may deem just and proper.

This the 27th day of September, 2022.

*s/ G. Bryan Adams, III*
G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS & PIERCE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone:   704-375-6022
Fax:   704-375-6024
Email: bryan.adams@vraplaw.com

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this ANSWER was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for the Plaintiff as follows:

>Suzanne L. Nyfeller
>Trial Attorney
>EEOC
>400 N. 8th Street, Suite 350
>Richmond, VA 23219
>Email: Suzanne.nyfeler@eeoc.gov
>
>Samuel H. Williams
>Trial Attorney
>EEOC
>Raleigh Area Office
>434 Fayetteville Street, Suite 700
>Raleigh, NC 27601
>Email: samuel.williams@eeoc.gov

This 27th day of September, 2022.

>*s/G. Bryan Adams, III*
>G. Bryan Adams, III
>N.C. Bar No. 17307
>VAN HOY, REUTLINGER, ADAMS & PIERCE, PLLC
>737 East Boulevard
>Charlotte, North Carolina 28203
>Telephone: 704-375-6022
>Fax: 704-375-6024
>Email: bryan.adams@vraplaw.com
>
>**ATTORNEYS FOR DEFENDANT**

12