# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## No. 5:22-CV-00237-FL

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| NSN, LLC, | ) ) |
| Defendant. | ) ) ) |

**CONSENT DECREE**

The Equal Employment Opportunity Commission ("EEOC" or the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA") which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Section 102 of the Civil Rights Act of 1991. The Commission's complaint alleges that NSN, LLC ("Defendant") discriminated against Wanda Ferguson ("Ms. Ferguson") when it refused to provide her with a reasonable accommodation for a disability, discharged her because of a disability, and retaliated against her for engaging in statutorily protected activity, all in violation of the ADA. Defendant denies the EEOC's allegations.

The Commission and Defendant (the "parties") stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

1

purpose and provisions of the ADA will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as set forth below.  Therefore, it is **ORDERED** that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 5:22-CV-00237-FL by the EEOC and in EEOC Charge No. 433-2020-00364 filed by Ms. Ferguson.

2. The terms of this Consent Decree constitute a fair and equitable settlement.

3. This Consent Decree constitutes the complete understanding between the parties with regard to the matters discussed herein.

## I.    INJUNCTIVE RELIEF

4. Defendant shall not discriminate against any person because of a disability or any other protected category within the meaning of the ADA.

5. Defendant shall not violate the ADA by failing to provide a reasonable accommodation for an individual with a disability or by discharging any employee because of a disability.

6. Defendant shall not discriminate or retaliate against any person because of their opposition to any practice made unlawful by Title VII of the Civil Rights Act of 1964 or the ADA.

7. Defendant shall not discriminate or retaliate against any employee because the employee filed a charge of discrimination or retaliation, informed Defendant that the employee intended to contact the Commission or file a complaint related to discrimination or retaliation, gave testimony, assisted with an investigation, or otherwise participated in any proceeding under Title VII or the ADA.

8. Defendant shall not revoke, change, or alter reasonable accommodations granted under the ADA absent undue hardship and/or based solely on a change in management or supervisory personnel.

## II. MONETARY RELIEF

9. Within fifteen (15) days of the entry of this Consent Decree, Defendant shall pay Ms. Ferguson the total sum of Forty-Two Thousand Dollars ($42,000.00) ("Settlement Payment") in full and final settlement of this civil action, Equal Employment Opportunity Commission v. NSN, LLC, Civil Action No. 5:22-CV-00237-FL, and EEOC Charge No. 433-2020-00364 filed by Ms. Ferguson. The Settlement Payment constitutes a debt owed to and collectable by the United States. Defendant shall mail the check to Ms. Ferguson at an address provided by the Commission. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Ms. Ferguson may or may not incur on such payments under local, state and/or federal law.

10. Six thousand dollars ($ 6,000.00) of the Settlement Payment shall be treated as back wages, reported to the IRS on a Form W-2, and all legally required withholdings (including, for example, state and federal income tax, social security, Medicare tax) shall be made from it.

11. Thirty-six thousand dollars ($36,000.00) of the Settlement Payment shall be treated as compensatory damages and Defendant shall issue an IRS Form 1099-MISC to Charging Party reflecting this payment.

12. Within ten (10) days of the delivery of the Settlement Payment, Defendant shall send to a copy of the check and proof of its delivery to the Commission.

13. If the EEOC is required to issue a Form 1098-F in connection with payment made in accordance with this Consent Decree, the copy of the Form should be directed to the following:

>        Name:  NSN, LLC
>
>        Physical Address:  5905 Leabrook Way, Glen Allen, VA  23059

The EEOC has made no representations regarding whether any amount paid pursuant to this Consent Decree qualifies for a deduction under the Internal Revenue Code.  The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.  Any decision about whether an amount paid pursuant to this Consent Decree qualifies for a tax deduction under the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.  The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

### III.    NON-MONETARY RELIEF

14.    Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from its personnel records any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2020-00364 and the related events that occurred thereafter, including this litigation.

15.    Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Ms. Ferguson from "terminated" to "voluntarily resigned."

16.    Within ten (10) days of the entry of this Consent Decree, Defendant shall provide Ms. Ferguson with a neutral letter of reference using the form attached hereto as Exhibit A.  The original, signed letter of reference shall be provided to Ms. Ferguson by mail, via tracked delivery service, to an address provided by the Commission.  Ms. Ferguson shall be free to disseminate the letter to potential employers.  If Defendant receives an inquiry about Ms. Ferguson from a potential

employer, Defendant will provide only the information set forth in the letter of reference in response.

17. Within sixty (60) days of the entry of this Consent Decree, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination, non-retaliation and disability accommodation policy which shall include but not be limited to the following:

   a. An explanation of the requirements of the federal equal employment opportunity laws, including the ADA and the prohibition against discrimination on the basis of a disability, the requirement to make reasonable accommodation for a disability absent undue hardship, and retaliation;

   b. Procedures for applicants and employees to request a reasonable accommodation because of a disability;

   c. Procedures which Defendant will follow to consider and respond to an employee's request for a disability-related reasonable accommodation;

   d. Procedures for notifying employees, in writing, of decisions made related to their disability-related reasonable accommodation requests;

   e. A list of possible reasonable accommodations available including, but not limited to, accommodations to employees' work schedule, end of shift duties, break times, and worksites.

   f. Notice that Respondent will not revoke, change, or alter a previously granted or provided reasonable accommodation when there is a change in management or supervisory personnel.

   g. Notice that Respondent will not revoke, change, or alter a previously granted or provided reasonable accommodation absent undue hardship.

h. Notice that all conversations with employees related to health conditions which may qualify as a disability under the ADA and possible reasonable accommodations will be conducted in a private, non-public location with only managers and supervisory personnel present.

i. Notice that all conversations with employees related to health conditions which may qualify as a disability under the ADA and possible reasonable accommodations will not be recorded or videotaped.

j. Notice that employees may report discrimination to any manager, assistant manager, human resources employee, or corporate officer (hereinafter "Reporting Officials") at any time;

k. Notice that employees may contact the Commission or inform Defendant that the employee intends to contact the Commission without fear of retaliation;

l. Identification of a means to contact each Reporting Officials to report discrimination;

m. A requirement that Reporting Officials shall document all verbal or written complaints and/or other information they receive regarding a report of possible discrimination;

n. Notice that Defendant will thoroughly and promptly investigate all complaints of discrimination and procedures for the thorough and immediate investigation of the complaints; and

o. Notice that if Defendant finds an employee or manager engaged in or permitted discrimination in the workplace, Defendant will take remedial action and

appropriate disciplinary action up to and including termination of employment without the opportunity for rehire.

18. Within sixty (60) days of the entry of this Consent Decree, Defendant shall distribute to each current employee a copy of the policy and shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

19. Within sixty (60) days of the entry of this Consent Decree, and continuing through the term of this Consent Decree, Defendant shall post a copy of the policy in all of its facilities and worksites in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. If Defendant opens, or begins to operate, new or additional facilities then it shall post a copy of the policy at those facilities.

20. <u>Training – non-managerial employees</u>. Defendant shall provide an annual training program of at least one (1) hour to all employees for which the employees are paid at their usual hourly rate or salary. Each training program shall include an explanation of:

   a. The requirements of the ADA;

   b. The ADA's prohibition against discrimination and harassment on the basis of disability;

   c. The ADA's prohibition against retaliation for engaging in activity protected by the statute;

   d. The penalties for engaging in discriminatory, harassing, or retaliatory behavior;

   e. Defendant's amended anti-discrimination and reasonable accommodation policy; and

   f. The rights of employees and responsibilities of Reporting Officials under Defendant's anti-discrimination and reasonable accommodation policy, including to whom and how to report discrimination.

21. The initial training for non-managerial employees shall occur within one hundred

and twenty (120) days of the entry of this Consent Decree. All new, non-managerial employees shall receive the training within thirty (30) days of their date of hire. Thereafter, all non-managerial employees shall receive the training at least annually, at approximately one-year intervals.

22. <u>Training – Reporting Officials</u>.  Defendant shall provide an annual two-hour training program to all Reporting Officials at each of Defendant's facilities. Each training program shall include an explanation of:

   a. The requirements of the ADA;

   b. The ADA's prohibition against discrimination and harassment on the basis of disability;

   c. The ADA's prohibition against retaliation for engaging in activity protected by the statute;

   d. The penalties for engaging in discriminatory, harassing, or retaliatory behavior;

   e. Defendant's amended anti-discrimination and reasonable accommodation policy;

   f. The rights of employees and responsibilities of Reporting Officials under Defendant's anti-discrimination and reasonable accommodation policy, including to whom and how to report discrimination;

   g. Instructions on how to document and respond to reports or observations of discrimination, harassment, and retaliation in a prompt and effective manner;

   h. The penalties a Reporting Official may incur for failing to promptly and effectively document and respond to a report of discrimination, harassment, or retaliation;

   i. The right of employees not to have their employment negatively impacted if they report harassment and discrimination to Defendant or to law enforcement agencies, including the EEOC.

23. The training for Reporting Officials shall occur within one hundred and twenty (120) days of the entry of this Consent Decree. All persons who are hired or promoted into the position of a "Reporting Official" during the term of this Consent Decree shall receive training within thirty (30) days of the date of hire or promotion.

8

24. At least fifteen (15) days prior to each training program, Defendant shall submit to the Commission an agenda for the training program by electronic mail directed to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is acceptable to the Commission unless otherwise notified by the Commission within five (5) days of submission of the agenda.

25. Within ten (10) days after completion of each training program, Defendant shall provide to the Commission: a copy of the agenda from the training program, written confirmation that the training was completed, and an attendance roster signed by each employee who received the training.

26. If, during the term of this Consent Decree, Defendant operates the facility located at 3200 Spring Forest Rd. #212, Raleigh, NC 27616 then Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at the facility. If the Employee Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Employee Notice.

27. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

   a. The identities of all individuals (applicant or employee) who requested an accommodation for a disability, including by way of identification each person's name, address, telephone number, email address, and position;

   b. Information regarding the requested accommodation, including the date of the accommodation request; the accommodation that was requested; whether the request was granted; and what, if any, accommodation was provided to the individual. If no accommodation was provided, a detailed explanation should be provided as to why the request was denied, including the identity of all persons involved in the decision to deny the request;

c. For each individual identified in 26.a. above, explain whether the individual's employment status has changed in any respect since his or her request for a reasonable accommodation (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

d. For each individual whose employment status has changed as identified in 26.c. above, a detailed statement explaining why the individual's employment status has changed.

e. A list showing whether any employee's previously granted or provided reasonable accommodation for a disability has been revoked, changed, or altered, including the employee's name, address, telephone number, email address, and position.

f. For each employee identified in 26.e., state the previously granted or provided reasonable accommodation; the date of the previously granted or provided reasonable accommodation; explain how the reasonable accommodation was revoked, changed, or altered; and give the reason why the reasonable accommodation had to be revoked, changed, or altered.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

28. Defendant shall provide prior written notice to any potential successor(s) of the existence and contents of this Consent Decree.

29. The Commission may review compliance with this Consent Decree in accordance with the Notice provisions set forth in paragraph 30 below. As part of such review, the Commission may inspect Defendant's facilities and work sites, interview employees, and examine and copy documents.

30. If, at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have fifteen (15) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fifteen (15) days, or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

31. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

32. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Nilesh Thakkar at NSNLLCBILLING@gmail.com. If Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

33. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov.

34. Each party shall bear its own costs and attorney's fees.

35. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____     _____

Date                          U.S. District Court
                              for the Eastern District of North Carolina


The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **NSN, LLC, Defendant** |
| | /s/ G. Bryan Adams, III |
| GWENDOLYN YOUNG REAMS  Acting General Counsel | G. BRYAN ADAMS, III  VAN HOY, REUTLINGER, ADAMS & PIERCE, PLLC |
| CHRISTOPHER LAGE  Deputy General Counsel | 737 East Boulevard  Charlotte, North Carolina 28203  Tel: (704) 375-6022 |

MELINDA C. DUGAS
Regional Attorney

ZOE G. MAHOOD
Supervisory Trial Attorney

SAMUEL H. WILLIAMS
Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, North Carolina 27601
Tel: (984) 275-4820
Fax: (704) 954-6412
Email:  samuel.williams@eeoc.gov
N.C. Bar No. 49622


/s/ Amy E. Garber
AMY E. GARBER
Trial Attorney
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
Tel: (757) 600-4726
Fax: (704) 954-6412
Email: amy.garber@eeoc.gov
VA Bar No. 37336

**ATTORNEYS FOR PLAINTIFF**

Fax:  (704) 375-6024
Email:  bryan.adams@vraplaw.com
N.C. Bar No. 17307

**ATTORNEY FOR DEFENDANT**

[Defendant' letterhead]

[Date]

TO WHOM IT MAY CONCERN:

I am pleased to provide this reference regarding former employee Wanda Ferguson.

Ms. Ferguson was employed as a part-time Test Center Administrator at NSN, LLC's Raleigh, North Carolina location from June 2016 until January 2020.

Ms. Ferguson worked the afternoon shift beginning at 12:00 PM and typically worked three days each week. She was a reliable employee with excellent skills, and we valued Ms. Ferguson's services to our company.

I hope that this information is helpful to you.

Sincerely,


Niel Thakkar
Owner
NSN, LLC

13

Case 5:22-cv-00237-FL   Document 26-1   Filed 06/14/23   Page 13 of 15

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00237-FL

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **EMPLOYEE NOTICE** |
| v. | ) ) ) | |
| NSN, LLC. | ) ) ) | |
| Defendant. | ) ) | |

1. This notice is posted pursuant to an agreement resolving the above styled case in which United States Equal Employment Opportunity Commission ("EEOC") alleged that Defendant NSN, LLC violated the Americans with Disabilities Act, as amended ("ADA") by refusing to provide an employee a reasonable accommodation, discharging that employee, and retaliating against the employee.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's sex (including pregnancy), color, religion, race, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Defendant NSN, LLC will comply with such federal law in all respects. Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.

14

Washington, DC 20507  
TEL: 1-800-669-4000  
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2025.